1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DEL CARMEN MARTINEZ-PATTERSON, | No. |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| v. | |
| AT&T SERVICES, INC, a Delaware Corporation, | JURY TRIAL REQUESTED |
| Defendant. | |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page i

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.     NATURE OF THE ACTION

1.      This is an action for declaratory judgment, equitable relief, and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through 42 U.S.C. § 1981, *et seq.* ("Section 1981"); the Washington Law Against Discrimination, RCW 49.60, *et seq.* ("WLAD"); the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq.* ("FMLA"); and the Washington Family Leave Act, RCW 49.78 *et seq.* ("FLA"). Plaintiff also brings common law claims against Defendant for the tort of wrongful discharge in violation of public policy. Defendant's wrongful termination caused Plaintiff to lose wages in violation of RCW 49.52 *et seq.* and RCW 49.48 *et seq.*

2.      Plaintiff Maria Del Carmen Martinez-Patterson ("Plaintiff") alleges that Defendant AT&T Services, Inc. ( "Defendant") discriminated against her because of her race (Hispanic) and national origin (Philippines with Spanish Heritage), gender (female), including discriminatorily and retaliatorily discharging her after she had requested FMLA/FLA protected leave, and in retaliation for engaging in protected activity in violation of the laws stated above, including Washington common law and the tort of wrongful discharge in violation of public policy. Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages, compensatory damages, and punitive damages to the fullest extent allowed by law.

## II.     JURISDICTION, VENUE AND PARTIES

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 since Plaintiff alleges claims that comprise a federal question.

4.      This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5.      Venue of this Court is invoked under 28 U.S.C. § 1391.

6.      Plaintiff Maria Del Carmen Martinez-Patterson is a resident of the State of Washington.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

7.      Defendant is a Delaware corporation whose corporate headquarters is located in the State of Texas.

8.      At all relevant times, Defendant was continuously doing business in the Western District of Washington and transacting business in the Western District of Washington.

9.      A substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the jurisdiction of the U.S. District Court for the Western District of Washington at Seattle, and Plaintiff was employed in King County, Washington.

10.     At all relevant times, Defendant was an employer engaged in an industry affecting commerce, and had the requisite number of employees under the aforementioned statutes.

### III.     STATEMENT OF CLAIMS

11.     The preceding paragraphs 1 through 10 are re-alleged and hereby incorporated by reference.

12.     Defendant engaged in unlawful employment practices against Plaintiff.

13.     Defendant discriminated, retaliated, and took adverse actions against Plaintiff for opposing discrimination and retaliation in the workplace.

14.     Defendant's unlawful conduct was motivated by Plaintiff's race and national origin, gender, and opposition to Defendant's discriminatory conduct.

15.     Plaintiff Carmen Martinez-Patterson is female, Hispanic and of Filipino and Spanish Heritage.

16.     Plaintiff was hired by Defendant in 2000 as a Senior Oracle Database Administrator.

17.     In 2006, Plaintiff filed a charge with Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and gender.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

18.     After Plaintiff filed her EEOC charge, Defendant subjected her to retaliation, including but not limited to hostility, yelling, ridicule and preventing her ability to advance within the company.

19.     Despite the retaliation and discrimination she continued to suffer even after filing her first EEOC charge, Plaintiff continued to perform well for Defendant.

20.     On or about August 12, 2015, Plaintiff complained about race and gender discrimination after receiving her mid-year performance review.

21.     Plaintiff specifically complained that men in her leadership group did not listen to her and were not valuing her input.

22.     Plaintiff also complained that the discrimination she was suffering because of her race and gender was part of a pattern of conduct she had been facing for nearly a decade.

23.     Plaintiff raised other complaints about the discriminatory and retaliatory conduct Defendant was subjecting her to, including raising complaints to higher management and Defendant's Human Resources.

24.     Despite her complaints, Defendant gave Plaintiff a false, discriminatory and retaliatory performance review in or around January 2016.

25.     Plaintiff complained about the discriminatory and retaliatory review to Defendant.

26.     In or about March 2016, Plaintiff informed Defendant that her brother had a serious medical condition (brain cancer), which required that he undergo intensive medical care which resulted in other disabilities.

27.     Plaintiff's brother was incapable of self-care because of his medical condition and disabilities.

28.     Plaintiff's brother's medical condition and inability to care for himself required that Plaintiff care for him.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

29.     In March 2016, Plaintiff told Defendant that her brother had a serious medical condition and that she needed to be available to help care for him.

30.     On or about August 12, 2016, Plaintiff discussed the possibility of taking FMLA leave to take care of her ailing brother.

31.     Plaintiff formally requested FMLA leave on or about October 26 and 27, 2016.

32.     The very next day, Defendant fired Plaintiff falsely claiming that she was being laid off as part of a reduction in force.

33.     Just prior to requesting protected medical leave to care for her disabled brother, Defendant had assured Plaintiff that her position was not going to be affected by a reduction in force.

34.     Defendant's stated reasons for Plaintiff's termination are pretext.

35.     Defendant's adverse actions against Plaintiff, including terminating her employment, were illegally motivated by her race and gender, contributed to a hostile work environment, and constitute discrimination and retaliation for engaging in protected activity.

36.     Defendant's adverse actions against Plaintiff, including terminating her employment, constituted unlawful interference with her rights under FMLA and FLA, and retaliation for engaging in protected activity under FMLA and FLA.

37.     The aforementioned statutes and their implementing regulations are clear expressions of public policy.

38.     Plaintiff acted in furtherance of Washington's public policy including but not limited to complaining and opposing:

a.     Race, gender, race, and national origin discrimination and retaliation;

b.     Requesting leave to care for her disabled brother protected under the FMLA and FLA;

c.     Caring for a family member who has a serious health condition and protecting citizens with disabilities.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

39.     Defendant wrongfully discharged Plaintiff in violation of Washington public policies.

40.     Defendant's wrongful termination of Plaintiff caused Plaintiff to lose wages in violation of RCW 49.52 *et seq.* and RCW 49.48 *et seq.*

41.     The effect of the practices complained of in the above paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

42.     The unlawful employment practices complained of in the above paragraphs were intentional.

43.     The unlawful employment practices complained of in the above paragraphs were done with malice and/or with reckless indifference to Plaintiff's rights as protected by state and federal laws.

44.     Defendant failed to act to eliminate the discrimination and retaliation against Plaintiff and other similarly situated employees.

45.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic losses and non-pecuniary losses and other damages prayed for herein.

### IV.     RESERVATION OF RIGHTS

46.     Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties during the course of the litigation as information is obtained through litigation.

### V.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other unlawful employment practices.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial.

E.      Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation emotional harm, physical pain, suffering, humiliation, impact to Plaintiff's career and reputation, and loss of enjoyment of life, in an amount to be determined at trial.

F.      Order Defendant to pay Plaintiff punitive damages for the conduct described in the above paragraphs, in amounts to be determined at trial, to the fullest extent allowed by law.

G.      Order Defendant to pay liquidated and/or double damages to Plaintiff as allowed under the aforementioned statutes, including but not limited to the damages provided and the FMLA/FMLA.

H.      Order Defendant to make Plaintiff whole by providing relief under RCW 49.48 *et. seq*., and RCW 49.52 *et. seq*, or any other applicable statute, including awarding double damages.

I.      Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

J.      Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

1    K.    Award Plaintiff other damages including prejudgment interest and post-

2  judgment interest.

3    L.    Grant any additional or further relief as provided by law, which this Court finds

4  appropriate, equitable, or just.

5

6    DATED this 10th day of August, 2018.

7                                    THE BLANKENSHIP LAW FIRM, P.S.

8

9

10                          By:   s/ Scott C.G. Blankenship
                                    s/ Charlotte S. Sanders
11                                Scott C. G. Blankenship, WSBA No. 21431
                                  Charlotte S. Sanders, WSBA No. 45051
12                                The Blankenship Law Firm, P.S.
                                  1000 Second Avenue, Suite 3250
13                                Seattle, WA 98104
                                  Telephone: (206) 343-2700
14                                Fax: (206) 343-2704
                                  Email:    sblankenship@blankenshiplawfirm.com
15                                          csanders@blankenshiplawfirm.com
                                  Attorneys for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700