THE HONORABLE JUDGE RICARDO S. MARTINEZ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARIA DEL CARMEN MARTINEZ-PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC, a Delaware Corporation,<br><br>Defendant. | Case No.: 2:18-cv-01180<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Defendant AT&T Services, Inc. ("AT&T") answers the Plaintiff's Complaint for Damages ("Complaint") of Plaintiff Maria Del Carmen Martinez-Patterson ("Plaintiff") as follows:

## I.      NATURE OF THE ACTION

1.      AT&T admits that Plaintiff purports to bring this action under the statutes and law cited for the damages and relief requested, denies that Plaintiff is entitled to relief under such statutes and common law, denies that Plaintiff has suffered any violation of her rights, has any viable claims, or is entitled to any damages or relief whatsoever, denies any wrongdoing, and denies the remaining allegations contained in Paragraph 1 of the Complaint.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

2. AT&T admits that Plaintiff purports to bring this action for the damages and relief alleged, denies that Plaintiff suffered any violation of her rights, has any viable claims, or is entitled to any damages or relief whatsoever, denies any wrongdoing, and denies the remaining allegations contained in Paragraph 2 of the Complaint.

## II.   JURISDICTION, VENUE AND PARTIES

3. Defendant admits that this Court has jurisdiction and otherwise responds that the allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required.

4. Defendant admits that this Court has jurisdiction and otherwise responds that the allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5. Defendant admits that venue in this Court is proper and otherwise responds that the allegations contained in Paragraph 5 of the Complaint state a legal conclusion to which no response is required.

6. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. AT&T admits the allegations in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint state a legal conclusion to which no response is required.

9. AT&T admits that Plaintiff alleges that events and omissions giving rise to her claims occurred within King County, Washington and denies it committed any wrongful acts or omissions.

10. The allegations contained in Paragraph 10 of the Complaint state a legal conclusion to which no response is required.

## III.   STATEMENT OF CLAIMS

11. AT&T incorporates by reference its responses to the preceding paragraphs 1 through 10 as if fully restated herein.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 2

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

12. AT&T denies the allegations contained in Paragraph 12 of the Complaint.

13. AT&T denies the allegations contained in Paragraph 13 of the Complaint.

14. AT&T denies the allegations contained in Paragraph 14 of the Complaint.

15. AT&T admits that Plaintiff is female and that she self-identified as Hispanic. AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint.

16. AT&T admits that it hired Plaintiff in 2000 as a Database Administrator.

17. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. AT&T denies the allegations contained in Paragraph 18 of the Complaint.

19. AT&T denies the allegations contained in Paragraph 18 of the Complaint.

20. AT&T admits that in the "Comments" Section of her 2018 Midyear performance review, Plaintiff complained about her leadership rating, states that the terms of her comments on that document speak for themselves, and otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21. AT&T admits that in the "Comments" Section of her 2018 Midyear performance review, Plaintiff complained about her leadership rating, states that the terms of her comments on that document speak for themselves, and otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22. AT&T admits that in the "Comments" Section of her 2018 Midyear performance review, plaintiff complained about her leadership rating, states that the terms of her comments on that document speak for themselves, and otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23. AT&T admits that Plaintiff made certain complaints about alleged discriminatory and retaliatory conduct, and denies the remaining allegations contained in Paragraph 22 of the Complaint.

24. AT&T denies the allegations contained in Paragraph 24 of the Complaint.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

25. AT&T admits that Plaintiff complained about her performance review rating, and . denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. AT&T admits that Plaintiff informed Defendant that her brother had a serious medical condition, and denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. AT&T denies the allegations contained in Paragraph 29 of the Complaint.

30. AT&T admits the allegations contained in Paragraph 30 of the Complaint.

31. AT&T admits that Plaintiff submitted an online FMLA request form on October 25, 2016. AT&T denies the remaining allegations contained in Paragraph 31 of the Complaint.

34. Defendant's stated reasons for Plaintiff's termination are pretext.

35. AT&T denies the allegations contained in Paragraph 35 of the Complaint.

36. AT&T denies the allegations contained in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint state a legal conclusion to which no response is required.

38. The allegations contained in Paragraph 38 of the Complaint state a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 38 of the Complaint.

39. AT&T denies the allegations contained in Paragraph 39 of the Complaint.

40. AT&T denies the allegations contained in Paragraph 40 of the Complaint.

41. AT&T denies the allegations contained in Paragraph 41 of the Complaint.

42. AT&T denies the allegations contained in Paragraph 42 of the Complaint.

43. AT&T denies the allegations contained in Paragraph 43 of the Complaint.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 4

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

44. AT&T denies the allegations contained in Paragraph 44 of the Complaint.

45. AT&T denies the allegations contained in Paragraph 45 of the Complaint.

## IV.   RESERVATION OF RIGHTS

46. Defendant denies that Plaintiff has reserved the right to add, revise, or withdraw any claims, or add additional parties to the extent that any future attempt by Plaintiff to add, revise or withdraw claims, or add additional parties does not comply with the Federal Rules of Civil Procedure or the Local Rules of this Court.

## V.   PRAYER FOR RELIEF

Responding to the allegations contained in Prayer for Relief, including subsections (A) through (L), AT&T denies that Plaintiff is entitled to any relief whatsoever.

47. Defendant denies every allegation of Plaintiff's Complaint not expressly admitted or otherwise controverted above.

## DEFENSES

AT&T, by its attorneys, states the following Defenses:

### FIRST DEFENSE

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against AT&T.

### SECOND DEFENSE

AT&T denies taking any action toward Plaintiff with discriminatory or retaliatory intent. Regardless of any such alleged wrongful intent, AT&T would have taken the same actions for legitimate, non-discriminatory, and non-retaliatory business reasons.

### THIRD DEFENSE

If AT&T employees engaged in any wrongful conduct, which AT&T denies, such employees did so on their own behalf and outside the scope of their employment with AT&T. AT&T has no knowledge of such conduct, nor did it authorize, direct, or have reason to know or suspect that such conduct would or did occur.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 5

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

### FOURTH DEFENSE

AT&T is not vicariously liable for the alleged discriminatory or wrongful employment decisions of alleged managerial agents, because they are contrary to AT&T's good faith efforts to comply with the laws prohibiting discrimination.

### FIFTH DEFENSE

The Complaint is barred, in whole or in part, because AT&T had an effective non-harassment and non-discrimination policy and reporting procedures in place and exercised reasonable care to prevent and to correct promptly any discriminatory behavior in the workplace, and Plaintiff unreasonably failed to use or take advantage of AT&T's policies and preventative or corrective opportunities, or to otherwise avoid harm.

### SIXTH DEFENSE

AT&T has acted in good faith at all times and had reasonable grounds to believe that its conduct did not violate any law or regulation, and in fact it has not willfully violated any law or regulation.

### SEVENTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to comply with some or all of the prerequisites to the maintenance of a civil action under the Washington Law Against Discrimination ("WLAD").

### EIGHT DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of unclean hands, waiver, and/or estoppel.

### NINTH DEFENSE

Plaintiff's damages, if any, are barred or diminished by reason of Plaintiff's failure to mitigate those alleged damages.

### TENTH DEFENSE

Plaintiff cannot recover punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support an award of punitive damages.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 6

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

**ELEVENTH DEFENSE**

Plaintiff is not entitled to an award of punitive damages. AT&T implemented and maintained policies and practices designed and intended to prevent discrimination and retaliation and it did not engage in any willful, wanton, or malicious conduct.

**TWELFTH DEFENSE**

The Complaint, and each cause of action therein, may be barred in whole or in part by the doctrine of after-acquired evidence, which limits and reduces Plaintiff's alleged damages.

**THIRTEENTH DEFENSE**

The Complaint is barred, in whole or in part, by all applicable statutes of limitations.

**FOURTEENTH DEFENSE**

AT&T denies taking any adverse action toward Plaintiff due to Plaintiff's request for FMLA leave. AT&T would have taken the same action for legitimate, non-discriminatory and non-retaliatory business reasons regardless of any FMLA request by Plaintiff.

**FIFTEENTH DEFENSE**

Plaintiff cannot establish any casual connection between her request for FMLA leave and termination of employment.

AT&T has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available, and AT&T reserves the right to assert such additional defenses in the event discovery, investigation, or analysis indicate the need for the additional defenses.

By alleging the Defenses set forth above, AT&T intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 7

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

DATED this 9th day of October, 2018, at Seattle, Washington.

        KILPATRICK TOWNSEND & STOCKTON LLP


By  */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA No. 26752
    gpayton@kilpatricktownsend.com
    Susan W Pangborn (*Admitted Pro Hac Vice*)
    spangborn@kilpatricktownsend.com
    Noelle Abastillas (*Admitted Pro Hac Vice*)
    nabastillas@kilpatricktownsend.com
    Telephone: (206) 626-7713
    Facsimile: (206) 260-8946

*Counsel for Defendant AT&T SERVICES, INC*

ANSWER TO PLAINTIFF'S COMPLAINT
FOR DAMAGES - 8

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of October, 2018, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Charlotte Sanders**
BLANKENSHIP LAW FIRM PS
1000 2ND AVENUE SUITE 3250
SEATTLE, WA 98104
206-343-2700
Email: csanders@blankenshiplawfirm.com

**Scott Crispin Greco Blankenship**
THE BLANKENSHIP LAW FIRM
1000 SECOND AVENUE
STE 3250
SEATTLE, WA 98104
206-343-2700
Email: sblankenship@blankenshiplawfirm.com

DATED this 9th day of October, 2018.

**Kilpatrick Townsend & Stockton LLP**

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752
*Counsel for Defendant AT&T SERVICES, INC*

CERTIFICATE OF SERVICE - 9

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946