UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA DEL CARMEN MARTINEZ-PATTERSON,

    Plaintiff,

 v.

AT&T SERVICES, INC., a Delaware Corporation,

    Defendant.

No. C18-1180 RSM

STIPULATED PROTECTIVE ORDER

## STIPULATED PROTECTIVE ORDER

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 1

**THE BLANKENSHIP LAW FIRM, PLLC.**
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

2. "CONFIDENTIAL MATERIAL"

Confidential" material shall include the following documents and tangible things produced or otherwise exchange

a) trade secrets, confidential, or proprietary business information;

b) sensitive personal or financial information, including medical information or medical records, information related to applications for employment, account numbers, account balances, financial statements, company profits, identifying information that is not generally available (e.g. Tax Identification Numbers, Social Security Numbers, etc.); and

c) private information relating to non-parties, including but not limited to, salary, earnings, or any other forms of compensation, payroll information, paystubs, appraisals and discussion of performance, and private or confidential information contained in personnel files of current or former AT&T employees.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; and (2) all copies, excerpts, summaries, or compilations of confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

4.1 A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 2

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

4.2 All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.3 Except with the prior written consent of the other parties, or upon prior order of this Court obtained with notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

 (a) a party or counsel for a party in this litigation;

 (b) employees of such counsel, including contract employees;

 (c) any officer, director or employee of a party (including in-house counsel), to whom it is reasonably necessary to disclose the information for this litigation;

 (d) consultants or expert witnesses to whom disclosure is reasonably necessary for this litigation, provided that each such person shall execute a copy of the Acknowledgement and Agreement to Be Bound attached to this Order as **Exhibit A** (before being shown or given any Confidential Information);

 (e) any authors or recipients of the Confidential Information;

 (f) the Court, Court personnel, and court reporters and their staff;

 (g) witnesses (other than persons described in paragraph 4.3(e).) A witness shall sign the Certification before being shown a confidential document, unless otherwise agreed by the designating party or ordered by the Court. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 5.3 below. Witnesses shown Confidential Information shall not be allowed to retain copies;

 (h) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 3

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

   (i) the videographer who videotapes Confidential Information at a deposition in this litigation;

   (j) any mediator or discovery referee in this litigation, and employees and personnel of said mediator or discovery referee; and

   (k) any other individuals agreed to in writing by the designating party.

  4.4 Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  4.5 Before filing confidential material or discussing or referencing such material in court filings, the filing party shall make a good faith effort to confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

  5. <u>DESIGNATING PROTECTED MATERIAL</u>

  5.1 Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 4

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) When designating information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said response or on the record at the deposition. Any party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 5

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

(c) For other tangible items, the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated

in accordance with the provisions of this agreement.

6.1. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 6

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge

7. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an Order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

8. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 7

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

10. The terms of this agreement do not preclude, limit, restrict or otherwise apply to the use of documents at trial, an issue which the parties are free to raise separately at the appropriate time.

11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

12. TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 8

THE BLANKENSHIP LAW FIRM, PLLC.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

STIUPLATED TO this 27th day of February, 2019.

THE BLANKENSHIP LAW FIRM, PLLC.

By:/s Charlotte S. Sanders
Scott C. G. Blankenship, WSBA No. 21431
Charlotte S. Sanders, WSBA No. 45051
The Blankenship Law Firm, PLLC.
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Facsimile: (206) 343-2704
Email: sblankenship@blankenshiplawfirm.com
csanders@blankenshiplawfirm.com
Attorneys for Plaintiff

KILPATRICK TOWNSEND & STOCKTON LLP

By:/s Susan W. Pangborn
Gwendolyn C. Payton, WSBA No. 26752
Susan W Pangborn, *Admitted Pro Hac Vice*
Noelle A. Abastillas, *Admitted Pro Hac Vice*
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7713
Email: gpayton@kilpatricktownsend.com
Attorneys for Defendant

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 9

**THE BLANKENSHIP LAW FIRM, PLLC.**
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 28th day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 10

**The Blankenship Law Firm, PLLC.**
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of MARIA DEL CARMEN MARTINEZ-PATTERSON V. AT&T SERVICES, INC (2:18-cv-01180-RSM). I agree to comply with and to be bound by all the terms of the Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER (Cause No. 2:18-cv-01180-RSM)
Page 11

**THE BLANKENSHIP LAW FIRM, PLLC.**
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700