UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DEL CARMEN MARTINEZ PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC., a Delaware Corporation,<br><br>Defendant. | Case No. C18-1180 RSM<br><br>ORDER RE: MOTIONS TO SEAL |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Maria del Carmen Martinez-Patterson's Motion to Seal, filed on July 18, 2019, and Defendant AT&T Services Inc. (AT&T)'s Motion to Seal, filed on July 29, 2019. Dkts. ##20, 27. Both Motions relate to documents designated as "confidential" by AT&T under the parties' Protective Order and therefore filed under seal pursuant to Local Civil Rule 5(g). A full summary of the case is not necessary.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Seal (Dkt. #20) and GRANTS AT&T's Motion to Seal (Dkt. #27).

ORDER RE: MOTIONS TO SEAL
PAGE - 1

## II. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). However, for sealed discovery documents attached to non-dispositive motions, the Ninth Circuit has found that this strong presumption is rebutted given that such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal quotations omitted). Accordingly, a "good cause" showing under Rule 26(c) may suffice to keep under seal documents attached to non-dispositive motions. *Id.* Rule 26, which gives district courts flexibility in balancing and protecting the interests of private parties, states that "good cause" is shown where forbidding disclosure or discovery would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

The Court's Local Rules explicitly instruct parties to present legal and evidentiary support in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). In this case, the protective order stipulated and agreed to by the parties on February 28, 2019 explicitly states that "Local Civil Rule 5(g) sets forth the procedures that must be

followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. #19 at 4.

### A. Plaintiff's Motion to Seal

Plaintiff's Motion to Seal (Dkt. #20) concerns an organizational chart, employee performance rankings, and an internal message exchange between AT&T employees designated by AT&T as "confidential" under the Protective Order. Plaintiff relied on this material in support of her Motion to Compel. Dkt. #20 at 2. Pursuant to Local Civil Rule 5(g), AT&T's confidential designations required Plaintiff to file these documents under seal. Plaintiff contends that the records AT&T designated as "confidential" should not be sealed but claims that AT&T never responded to Plaintiff's request to remove the confidential designation. *Id.*

As the party designating the document confidential, AT&T was required to set forth the applicable legal standard pursuant to LCR 5(g)(3)(B) and explain why a less restrictive alternative was not sufficient. *See* Local Rules W.D. Wash. LCR 5(g)(3). However, AT&T has not filed a response to Plaintiff's Motion. Given the redactions on the organizational chart and the option to redact any identifying information in the performance reviews, the Court finds that re-filing the documents with redactions would sufficiently protect any confidential material.

Accordingly, the Court DENIES Plaintiff's Motion to Seal (Dkt. #20) and ORDERS Plaintiff to re-file the exhibits (Dkt. #23) with redactions of identifying information in the performance reviews, Ex. M, and any identifying information or otherwise sensitive material in the internal message exchange, Ex. R.

### B. Defendant's Motion to Seal

AT&T's Motion to Seal (Dkt. #27) concerns information on AT&T's corporate policies and record retention practices. It also contains a longer excerpt of the internal message exchange

filed under seal by Plaintiff.  *See* Dkt. #23, Ex. R.  AT&T relied on this material in support of its opposition to Plaintiff's motion to compel (Dkt. #24).

AT&T argues that the reports should be sealed on the basis that they contain proprietary information that outweighs the general public right to access.  Dkt. #27 at 2 (describing risk of competitive harm).  Plaintiff does not oppose AT&T's motion.  The Court finds that AT&T has sufficiently shown good cause to keep these documents under seal.

Accordingly, the Court GRANTS AT&T's Motion to Seal (Dkt. #27).

## CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Seal (Dkt. #20) is DENIED.  Within **fourteen (14) days** from the date of this Order, Plaintiff shall re-file the exhibits (Dkt. #23) with redactions of identifying information in the performance reviews, Ex. M, and any identifying information or otherwise sensitive material in the internal message exchange, Ex. R;

2) Defendant's Motion to Seal (Dkt. #27) is GRANTED and the filing shall remain sealed.

DATED this 18th day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE