UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DEL CARMEN MARTINEZ PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC., a Delaware Corporation,<br><br>Defendant. | Case No. C18-1180 RSM<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND PARTIALLY GRANTING REQUEST FOR STAY |

This matter comes before the Court on Plaintiff's Counsel's Motion to Withdraw. Dkt. #31. Plaintiff's counsel cites as the basis of their motion, "After consulting with Ethics Counsel Leland Ripley regarding a potential conflict, Plaintiff's Counsel learned it cannot continue representation under Washington's Rules of Professional Conduct, RPC 1.16(a)(1)." *Id.* at 2. Plaintiff's counsel requests a stay of this action until March 12, 2020 or, in the alternative, a one-year continuance of the trial date and all deadlines that have not yet passed. *Id.* Defendant's untimely response does not object to withdrawal of counsel but asks that the stay be limited to two months. Dkt. #32 at 5.

Under this district's local rules, courts ordinarily permit an attorney to withdraw until sixty days before the discovery cut-off in a civil case. Local Rules W.D. Wash. LCR 83.2(b).

ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND PARTIALLY GRANTING REQUEST FOR STAY - 1

Here, Plaintiff's counsel moved to withdraw more than sixty days before the discovery deadline. *See* Dkt. #31. Accordingly, the Court GRANTS Plaintiff's Counsel's Motion to Withdraw.

This leaves the remaining issue of the stay. Trial is currently scheduled to begin March 9, 2020, with discovery closing on November 12, 2019. Dkt. #16. Plaintiff states that the pending deadlines in this action have impeded her ability to secure new counsel. Dkt. #31-4 at ¶ 6 ("The principal reason cited for declining [to represent Plaintiff] is the tight timelines imposed by the case schedule as it stands."). Dkt. #31-4 at ¶ 6. For that reason, counsel argues, the Court must afford Plaintiff sufficient time to secure new counsel as well as time for new counsel to understand the complex legal and factual issues in this case. Dkt. #33 at 4. Plaintiff's counsel contends that a two-month stay is insufficient to accomplish these tasks and that six months would be more reasonable. *Id.* at 5.

The Court finds that Plaintiff has failed to show good cause to stay the case until March 12, 2020. This action arises from a single plaintiff's claims of employment discrimination against a single defendant. The legal and factual issues are therefore not sufficiently complex to warrant a six-month stay. Additionally, new counsel will not be prejudiced by current case deadlines given that parties will submit proposed revised deadlines once the stay is lifted. For these reasons, the Court finds that a four-month stay will provide Plaintiff with sufficient time to find new counsel without prejudicing Defendant through unnecessary delay.

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's Counsel's Motion to Withdraw (Dkt. #31) is GRANTED. Ms. Charlotte Sanders, Mr. Scott Blankenship, and Blankenship Law Firm, PLLC are allowed to withdraw from this matter and no longer represent Plaintiff.

ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND
PARTIALLY GRANTING REQUEST FOR STAY - 2

2) Plaintiff's Request for Stay is GRANTED IN PART. All further proceedings are stayed until January 12, 2020, including all formal discovery. All pending deadlines are vacated to be reset when Plaintiff appears with new counsel or when the stay expires, whichever occurs first.

3) Within fifteen (15) days after the stay is lifted, counsel for parties shall meet and confer regarding proposed deadlines and submit a stipulated motion of these proposed deadlines to the Court for consideration.

4) Plaintiff shall keep the Court informed of her current contact information, currently listed as: 6735 14th Ave, NW, Seattle, WA 98117.

DATED this 23rd day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND PARTIALLY GRANTING REQUEST FOR STAY - 3