1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DEL CARMEN MARTINEZ PATTERSON,<br><br>        Plaintiff,<br><br>                v.<br><br>AT&T SERVICES INC., a Delaware Corporation,<br><br>                Defendant. | Case No. C18-1180-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## I.      INTRODUCTION

This matter comes before the Court on Plaintiff Maria del Carmen Martinez-Patterson's Motion for Reconsideration of the Court's order granting summary judgment dismissal. Dkt. #66. The Court has determined that response briefing from Defendant AT&T Services Inc. ("AT&T") is unnecessary.  *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II.      BACKGROUND

A full background of this case is not necessary given the Court's previous orders in this matter.  *See* Dkt. #64.  Plaintiff is a Hispanic woman of Filipino and Spanish heritage who worked as a Database Administrator for AT&T from 2000 until her termination in December 2016.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff filed this action against AT&T on August 18, 2018, alleging violations of 42 U.S.C. § 1981, the Washington Law Against Discrimination ("WLAD"), the Family Medical Leave Act, the Washington Family Leave Act, as well as claims for wrongful discharge and lost wages under RCW 49.52 and 49.48. Dkt. #1. On August 16, 2021, this Court granted summary judgment dismissal of Plaintiff's claims. Dkt. #64.

In its dismissal order, the Court analyzed Plaintiff's claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which provides that the plaintiff bears the initial burden of establishing a prima facie case by raising an inference of discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–54 (1981). The Court concluded that Plaintiff established a prima facie case by raising an inference of discrimination as to her low ratings within her working group ("AWG 1") and her selection for termination. Dkt. #64 at 13-15. Specifically, the Court found it undisputed that Plaintiff is a member of a protected class, that she was qualified for her position as a Database Administrator, that she suffered an adverse employment action when she was terminated, and that similarly situated employees outside the protected class—the other Database Administrators in AWG 1— were not terminated.

The Court likewise found that AT&T met its burden to show legitimate business reasons for Plaintiff's low ranking and termination. *Id.* at 15-16. The record established that Plaintiff's position was eliminated as part of a workforce reduction, for which Plaintiff was selected from the four Database Administrators in AWG 1 because she ranked the lowest in the assessment. *See Shokri v. Boeing Co.*, 311 F. Supp. 3d 1204, 1212–13 (W.D. Wash. 2018), *aff'd*, 777 F. App'x 886 (9th Cir. 2019) (holding that a force reduction is a legitimate, nondiscriminatory reason for termination under Section 1981 and the WLAD). The record further established that Plaintiff's

low ranking in the assessment was due to non-discriminatory reasons—specifically, Plaintiff's defensiveness and volatility that impaired colleagues' ability to communicate with Plaintiff and work with her on projects.  *See* Dkt. #64 at 16 (citing year-end reviews and testimony from colleagues and supervisors).

Because AT&T articulated legitimate business reasons for Plaintiff's assessment rating and termination, the burden shifted back to Plaintiff to demonstrate that those reasons were merely pretext for intentional discrimination.  To establish pretext, Plaintiff could either rely on direct evidence, such as discriminatory statements or actions, or circumstantial evidence that "requires an additional inferential step to demonstrate discrimination." *Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005).  When circumstantial evidence is used, "a plaintiff must put forward *specific and substantial evidence* challenging the credibility of the employer's motives." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (citations omitted) (emphasis added).

Plaintiff offered no direct evidence of discrimination.  Instead, her argument for pretext "hinge[d] entirely on an email exchange between another Database Administrator, Anstin Hall, and David Whittington, who was in charge of communicating information regarding workforce reduction procedures." Dkt. #64 at 17.  The email that Plaintiff relied upon was a communication dated October 17, 2016, wherein Mr. Whittington informed Mr. Hall that there would be a "small reduction" on October 28, 2016, but that "all have been notified already if impacted." Dkt. #58-2 at 17-18.  AT&T did not dispute that Plaintiff was not notified of her termination until October 28, 2016.  Nevertheless, the Court found that this single email was "insufficient to raise a genuine dispute as to whether AT&T's legitimate business reasons were a pretext for intentional discrimination." Dkt. #64 at 18.  Given that Ms. Russo and Mr. Rossi were informed of their own

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 3

1
2
3

designations for surplus the same day as Plaintiff, the Court reasoned that Mr. Whittington's email was, at most, "weak circumstantial evidence" from which no reasonable juror could conclude that discrimination had occurred.  *Id.*

4
5
6
7
8

On August 30, 2021, Plaintiff moved for reconsideration based on two manifest errors of law: (1) the Court erroneously construed *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 143 (2000), when it dismissed Plaintiff's discrimination claims under Section 1981 and the WLAD; and (2) it failed to draw all factual and legal inferences in favor of Plaintiff.  Dkt. #66.

### III.     DISCUSSION

10
11
12
13
14

"Motions for reconsideration are disfavored."  Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  *Id.*[1]

15
16
17
18
19
20
21
22
23

Plaintiff argues that the Court committed a manifest error in law when it cited *Reeves* for the proposition that summary judgment is appropriate where there is only a "weak issue of fact as to whether the employer's reason was untrue and there [is] abundant and uncontroverted independent evidence that no discrimination had occurred . . . ."  530 U.S. at 148.  Plaintiff argues that *Reeves* provides for "two specific circumstances under which evidence of pretext may be disregarded": (1) where the plaintiff calls the employer's explanation into question "but does so in a way that conclusively demonstrates that the real explanation for the employer's behavior is

24
25
26
27
28

[1] Although Plaintiff has moved for reconsideration pursuant to LCR 7(h), Plaintiff's motion may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), given that judgment has been entered in this matter.  *See* Dkt. #65.  However, because the Court finds no manifest error of law in its order granting summary judgment, Plaintiff's motion for reconsideration fails under either provision. *See Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (motion to alter or amend judgment may be granted if motion is necessary to correct manifest errors of law or fact upon which the judgment is based).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 4

1  not discrimination, but some other motivation"; or (2) where there is abundant independent

2  evidence in the record that no discrimination has occurred.  Dkt. #66 at 5 (quoting *Aka v.*

3  *Washington Hospital Center*, 156 F.3d 1284, 1291 (D.C. Cir. 1998)) (internal quotations omitted).

4  Plaintiff argues that neither situation is present here—she did not demonstrate an alternate, non-

5  discriminatory explanation for her employer's behavior, nor is there "abundant independent

6  evidence" that no discrimination has occurred.  *Id.* at 5-6.  Furthermore, Plaintiff argues that the

7  Court impermissibly drew a factual inference in favor of AT&T when it concluded that the

8  evidence in the record "suggest[ed] that Mr. Whittington was either confused or misinformed

9  when he replied to Mr. Hall."  *Id.* at 6 (citing Dkt. #64 at 18).

10      The Court finds no manifest legal error in its previous holding.  Ninth Circuit precedent

11  requires a plaintiff relying on circumstantial evidence to present "*specific and substantial*

12  *evidence* challenging the credibility of the employer's motives" to survive summary judgment,

13  and the single email by Mr. Whittington does not satisfy this burden.  *Vasquez*, 349 F.3d at 641

14  (emphasis added).  Even if the Court were to apply out-of-circuit case *Aka* here, Mr. Whittington's

15  email does not amount to evidence of pretext that the Court erroneously disregarded.  When

16  viewed in the light most favorable to Plaintiff, Mr. Whittington's email merely raises a dispute of

17  fact as to when individuals designated for surplus were supposed to be notified.  It does not raise

18  any inference that the reduction in force was a false, pretextual reason for her termination.  The

19  record demonstrates that a smaller wave of reductions occurred on October 28, 2016, and that the

20  Database Administrators in AWG 1 were one of the groups considered in that reduction.  *See* Dkt.

21  #64 at 15 (citing Dkt. #25 at ¶¶ 7-9; Dkt. #53 at ¶¶ 71-72; Dkt. #56 (sealed)).  Indeed, while

22  Plaintiff was not given advanced notice that her position was eliminated, neither were Mr. Rossi

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 5

1    and Ms. Russo, who learned that their positions were also eliminated as part of the surplus the
2    same day as Plaintiff.  *See* Dkt. #53 at ¶¶ 72-74; Dkt. #51 at ¶¶ 36-41.

3        Plaintiff also argues that the eliminations of Mr. Rossi's and Ms. Russo's positions are
4    irrelevant, given that they were her supervisors and therefore not "similarly situated" to Plaintiff.
5    Dkt. #66 at 6.  This argument is unavailing.  Even though Mr. Rossi and Ms. Russo were not
6    Database Administrators in AWG 1, the fact that both managers were designated for surplus the
7    same day as Plaintiff, without advanced notice, undercuts any inference drawn from Mr.
8    Whittington's email that AT&T's explanation is unworthy of credence.  *See Aragon v. Republic*
9    *Silver State Disposal, Ind.*, 292 F.3d 654, 658–59 (9th Cir. 2002) (to defeat summary judgment,
10   plaintiff must demonstrate that the "articulated reason is a pretext for unlawful discrimination by
11   either directly persuading the court that a discriminatory reason more likely motivated the
12   employer or indirectly by showing that the employer's proffered explanation is unworthy of
13   credence.") (internal citation and quotations omitted).

14       For these reasons, the Court finds no error in its conclusion that Mr. Whittington's email
15   did not amount to specific and substantial circumstantial evidence of pretext necessary to survive
16   summary judgment.  *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.
17   2000) ("*Reeves* makes it clear . . . that pretext means a dishonest explanation, a lie rather than an
18   oddity or an error.") (citing *Reeves*, 530 U.S. at 146).  Having concluded that it committed no
19   manifest error of law, the Court denies reconsideration of its order granting summary judgment.

## IV.   CONCLUSION

     Having reviewed Plaintiff's Motion, the Court's order granting summary judgment, and
the remainder of the record, it is hereby ORDERED that Plaintiffs' Motion for Reconsideration,
Dkt. #66, is DENIED.

DATED this 29th day of September, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE